Per Curiam.

The ‘ ‘ medical payments ’ ’ clause in the automobile liability policy here involved obligated the defendant, within fixed monetary limits, to pay all reasonable expenses “incurred within one year from the date of accident”. The disputed item concerns dental services allegedly required as the result of an accident, but which were not paid for or could not be completed within one year thereof.
While we agree with the trial court that the clause in question was, as a matter of law, clear and unambiguous, we do not agree with the restricted interpretation which it has placed upon this clause. In our opinion, the word “incurred”, as employed therein, must be deemed to include any liability undertaken within a year of the accident for reasonable medical services necessitated as a result of the accident, irrespective of the time within which such services are completed. The general rule of construction that words and phrases used in a written contract are to be given their ordinary meaning is here applicable (Clark v. New York Life Ins. & Trust Co., 64 N. Y. 33, 39).
The judgment should be reversed, with $30 costs to plaintiff, and a new trial ordered limited to an assessment of plaintiff’s damages and entry of judgment thereon.
Di Giovanna and Brown, JJ., concur; Gtjlotta, J., concurs in the reversal but votes for a new trial on all issues, with the following memorandum: I am in accord with my colleagues that it was error to hold, as a matter of law, that the expenses in question had not been “ incurred ” within the required period as contemplated by the policy. However, I am of the opinion that the interpretation of the clause which contains this word should remain with the jury as a question of fact along with all the other issues in the case. The construction of a contract is ordinarily a question of law for the court 'but when the interpretation depends upon the sense in which words are used, or the sense in which the promisor had reason to believe the promisee understood them, a fact to be determined from the relation of the parties and the surrounding circumstances, it would seem that it becomes a mixed question of law and fact. It is not, then, a matter of interpretation merely, but the ascertainment of the minds and intents of the parties.” (White v. Hoyt, 73 N. Y. 505, 512; Utica City Nat. Bank v. Cunn, 222 N. Y. 204, 208.)
Judgment reversed, etc.