Bernard Tomson, J.
This is an action brought on an automobile liability policy by an insured to recover for medical expenses for his wife’s injuries arising out of an ¡automobile accident which occurred on October 8, 1964. The policy covered “ all *304 reasonable expenses, incurred within one year from the date of accident, for necessary medical, dental, surgical * * * services * * * to o.r for an insured who sustains bodily injury caused by accident The defendant admits responsibility for some of the medical bills incurred but denies responsibility for 'Others where the treatment was not completed within one year after the date of the accident.
It was stipulated between the parties that, with respect to the disputed claim, the plaintiff’s wife first visited the surgeon on August 14, 1965 (within the year), at which time arrangements were made for .the operation. The plaintiff’s wife, however, entered the hospital on October 14, 1965 (one year and six days after the accident), and the operation was performed on the following day.
The precise issue presented is whether the disputed claim falls within the language of “ expenses, incurred within one year from the date of accident. ’ ’
Despite the prevalence of this type of policy, there seems to be little authority in the country on the issue presented and none on the precise question here involved. (Reliance Mut. Life Ins. Co. of Ill. v. Booher, 166 So. 2d 222 [Dist. Ct. of App., Fla., 1964] considered as bearing on the problem, the holdings in Drobne v. Ætna Cas. & Sur. Co., 115 N. E. 2d 589 [Ct. of App., Ohio, 1950]; Maryland Cas. Co. v. Thomas, 289 S. W. 2d 652 [Tex. Civ. App., 1935]; Herold v. Ætna Life Ins. Co., 77 S. W. 2d 1060 [Tex. Civ. App., 1935]; Pilot Life Ins. Company v. Stephens, 97 Ga. App., 529 [1958]; Czarnecki v. American Ind. Co., 259 N. C. 718 [1963]; Kirchoff v. Nationwide Mut. Ins. Co., 19 A D 2d 638; Ann. 75 ALR 2d 876.)
In the Booher case, the plaintiff received facial injuries in an automobile accident on October 4,1959. An emergency operation on the face was then performed leaving her disfigured. A plastic surgeon was thereafter engaged to perform the necessary reconstructive surgery. The first operation was performed on May 17, 1960; the second on November 22, 1960 and the last on July 26, 1961 (the last two being more than one year after the happening of the accident).
On this set of facts, the court ruled (p. 224): “ We find that the words ‘ provided that such expense shall be incurred within 52 weeks from the date of such injury ’ are clear and unambiguous. ‘ Incur ’ is defined by Webster as follows: ‘ To meet or fall in with, as something inconvenient or harmful; become liable or subject to; to bring down upon oneself; as, to incur debt, danger, displeasure, penalty, etc. ’ As used in the .insurance policy here involved, the words contained in the proviso mean *305 that the insured must have actually paid or must have become liable for the payment of such expense within 52 weeks from the date of the injury which necessitated the expense.”
The court denied recovery for the operation performed after the 52-week period.
Kirchoff v. Nationwide Mut. Ins. Co. (34 Misc 2d 681, mod. 19 A D 2d 638) involved a major medical expense policy which contained a provision covering 1 ‘ all charges incurred as a result of childbirth, including charges incurred for the infant, until and including ¡the fourteenth day after the date of ¡such birth.” The need for an operation on the infant was determined within the required time but the operation was done after the 14-day period had elapsed. The court below, in finding for the plaintiff, held that the policy should be applied to all charges occurring as a result of childbirth, referring to the date on which the accident or sickness occurred, rather than the date on which the operation was performed.
The Appellate Division, in modifying, reached a different conclusion because the policy contained a clause (not found in the policy here sued on) providing that every medical expense charged “ shall be deemed to be incurred as of the date of the service or purcha'se giving rise to the charge. ’ ’
On a set of facts very close to those found in Booher, the Appellate Term, Second Department, in 1966, held in Whittle v. Government Employees Ins. Co. (51 Misc 2d 498, 499): “ The ‘ medical payments ’ clause in the automobile liability policy here involved obligated the defendant, within fixed monetary limits, ito pay all reasonable expenses ‘ incurred within one year from the date of- accident. ’ The disputed item concerns dental services allegedly required as .the result of an accident, but which were not paid for or could not be completed within one year thereof. While we agree with the trial court that the clause in question was, as a matter of law, clear and unambiguous, we do not agree with the restricted interpretation which it has placed upon this clause. In our opinion, the word ‘ incurred ’, as 'employed therein, must be deemed to include any liability undertaken within a year of the accident for reasonable medical services necessitated as a result of the accident, irrespective of the .time within which .such services are completed. The general rule of construction that words and phrases used in a written contract are to be given their ordinary meaning is here applicable (Clark v. New York Life Ins. & Trust Co., 64 N. Y. 33, 39). ”
Since Whittle is binding on 'this court, it is necessary to determine Whether the holding there applies to the factual pattern *306 here presented. Although not clearly stated in the .opinion, it would appear that in Whittle the treatment was commenced within the year and completed thereafter. In the case at bar, the operation wa's arranged for within the year but performed thereafter.
The rationale of Whittle would seem to require a holding for the plaintiff here. The ‘ ‘ services ’ ’ rendered included not only the .operation itself but all other necessary ancillary services which would include those connected with diagnosis as well as treatment. Since Whittle determined that the defendant’s responsibility ‘‘ must be deemed to include any liability undertaken within a year * * * irrespective of the time within which such services are completed ”, it must he held that here the ‘ ‘ liability undertaken ’ ’ was initiated at the time of the visit to the .surgeon (by which time some diagnostic procedures must have been dome) who made arrangements for the operation. This falls within the language ‘ ‘ irrespective of 'the time within which such services are completed.” This conclusion is fortified by the result in Kirchoff where, on a fact pattern identical to the one 'here presented, the court below held for the plaintiff and, although the Appellate Division disagreed, it did so only because of the additional clause explicitly limiting the defendant’s liability.
On the facts here presented, since .the diagnosis was made and the .treatment .arranged for prior to the end of the year, the issue as to the defendant’s liability pursuant to the terms of the policy is determined in favor of the plaintiff.
By .stipulation of the parties, the remaining issues remain to •be determined. For that purpose the action is restored to the calendar for trial on September 25, 1967.