Philip **ATCHLEY**

v.

The **TRAVELERS INSURANCE COMPANY.**

Supreme Court of Tennessee.

Nov. 6, 1972.

Rehearing Denied Feb. 5, 1973.

Arthur G. Seymour, Jr., Knoxville, for appellant.

Norman L. Griffin, Knoxville, for appellee.

## OPINION

McCANLESS, Justice.

The plaintiff in an accident sustained a fracture of his right tibia. According to the terms of its policy The Travelers Insurance Company became liable for all reasonable medical expenses incurred within one year from the date of the accident up to $2,000.00. Before the year expired the plaintiff incurred such expenses in the amount of $1,213.45 which Travelers paid. Included in the treatment was the implantation of two metal screws in the tibia the removal of which was a necessary surgical procedure.

After the year had expired the plaintiff had the screws removed at a cost of $495.-65. The defendant refuses to pay this amount on the theory that it was incurred more than a year after the accident.

The Circuit Court awarded the plaintiff a judgment for $495.65 against the Travelers. The Travelers has appealed. The sole question is whether in the circumstances the Travelers is liable for the $495.65 item of medical expense.

Neither party has cited to us any case with facts exactly like those of this case. We conclude, however, from the stipulated facts that when the plaintiff underwent his first surgical procedure the removal of the two screws at some later time then became necessary. Neither the time nor the expense of their removal may have

been known; otherwise the liability for the cost became fixed on the day of the first procedure—within one year from the accident. The cost at that time was incurred though the amount was not liquidated until the surgeon removed the screws.

We affirm the judgment of the Circuit Court.

DYER, C. J., CHATTIN and HUMPHREYS, JJ., and WILSON, Special Justice, concur.

ON PETITION TO REHEAR

 We have reviewed petitioner's contentions and find them to be without merit. Some courts, in interpreting the term "incurred", have held that the insurer is liable for the payment of medical services which become necessary but are not actually performed within the fixed time period; also for medical services which have not been performed within the fixed period but have been paid for within that period. It follows that if the necessity for the medical services and expenses is manifested within the fixed time period, then they are incurred and the insurer is liable for their payment. Maryland Casualty Co. v. Thomas, [Tex.Civ.App.] 289 S.W.2d 652 [1956]. This is true even though the services were not paid for within the fixed time. Whittle v. Government Employees Ins., 51 Misc.2d 498, 273 N.Y.S.2d 442 [1972]. We align ourselves with the reasoning of these cases. It was known at the time the screws were inserted that removal of them was part and parcel of the surgical procedure. Once they were inserted, the appellee incurred the liability of their removal. While no case has been cited which is directly in point with the one before this Court, it is our opinion that each case of this nature must be evalued in light of the particular procedures and circumstances involved. Therefore, we reaffirm our decision, and the petition to rehear is denied.