Harold J. Hughes, J.
This action, to recover benefits under an automobile liability policy issued by the defendant to the plaintiff, was tried by the court without a jury upon a stipulation of facts.
Sometime prior to July 5, 1965, defendant issued to plaintiff a policy of automobile liability insurance in which it agreed to “ pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical * * * services * * * to or for the named insured * * * who sustains bodily injury * * * caused by accident, while occupying or through being struck by an automobile ”. On that date plaintiff sustained personal injuries in an automobile accident, and was hospitalized'for a period of seven days. The injuries caused a scarring and discoloration in the plaintiff’s shoulder, and on May 31, 1966 she consulted Dr. Nils Nordstrom, Jr., a plastic surgeon, who, after examination, recommended that she undergo corrective surgery. Though the surgery could have been performed at that time, plaintiff deferred entering the hospital until November 14,1966, at which time Dr. Nordstrom performed the surgical procedure.
*1028 Defendant has rejected plaintiff’s claim for hospital and surgical bills arising from the second admission and plastic surgery on the sole ground that these expenses were not incurred within one year of the accident. It was stipulated that if these were “ expenses incurred within one year from the date of the accident ” plaintiff would be entitled to recover the sum of $538.02 under the policy.
The question when a medical expense is “incurred” under an insurance policy providing for payment of such expenses within a fixed period of time from the date of injury has been a subject of litigation in this and other States. .Some courts have taken the position that if the required medical services are not performed within the stated time period, then the insurer is not liable under the contract (see, e.g., Reliance Mut. Life Ins. Co. v. Booher, 166 So. 2d 222 [Fla.]; Ann. 10 ALE 3d 458). Other courts have held the insurer liable for medical services which became necessary but were not performed within the fixed time period, where the insured contracted for the physician’s services before the expiration of the time period and either paid in advance (Maryland Cas. Co. v. Thomas, 289 S. W. 2d 652 [Tex.]) or became obligated to pay (Drobne v. Aetna Cas. & Sur. Co., 115 N. E. 2d 589 [Ct. of Appeals, Ohio]) for his services.
It would appear that in New York the more liberal construction of the term “ incurred ” has been adopted. In Whittle v. Government Employees Ins. Co. (51 Misc 2d 498, 499), the policy provided that the insurer would pay all reasonable expenses “ incurred within one year from the date of the accident”. Payment was refused for certain dental services allegedly required as the result of the accident which were not paid for and could not be completed within one year. Reversing a dismissal of the complaint, the Appellate Term held (p. 499) that: ‘ ‘ the word ‘ incurred ’ * * * must be deemed to include any liability undertaken within a year of the accident for reasonable medical services necessitated as a result of the accident, irrespective of the time within which such services are completed ”. In Perullo v. Allstate Ins. Co. (54 Misc 2d 303) the insured visited the surgeon within one year after the accident and made arrangements for an operation, which was not performed until after the policy period. The court (p. 306) found plaintiff entitled to recover under the policy “ since the diagnosis was made and the treatment arranged for prior to the end of the year ’ ’.
Kirchoff v. Nationwide Mut. Ins. Co. (19 A D 2d 638), while denying reimbursement for inedjeal services performed after *1029 the stated period, is not to the contrary, since the policy expressly provided that every medical expense “ shall be deemed to be incurred as of the date of the service or purchase giving rise to the charge.”
These cases do not permit plaintiff to recover in this action, however. The claim is for medical services performed more than one year after the accident, and the treatment was neither commenced (as in Whittle v. Government Employees Ins. Co., 51 Misc 2d.498, supra) nor arranged for (as in Perullo v. Allstate Ins. Co., 54 Misc 2d 303, supra) prior to the expiration of the one-year period. The mere fact that a diagnosis was made, and an operation recommended, does not constitute the incurring of an expense for medical services. The policy language is clear and unambiguous, and the words must be given their ordinary meaning. The indemnity is against liability, not against loss or damage, and such indemnity is only against liability incurred within the period fixed in the policy. In this case there has been no showing that plaintiff incurred or became subject to any liability for the expenses of the plastic surgery prior to the expiration of one year from the date of the accident.
The complaint is dismissed. In view of the narrowness of the issue and lack of precedent, it would be inequitable to allow costs against plaintiff.