282 So.2d 569 (1973)
Rene VALLADARES
v.
The MONARCH INSURANCE COMPANY.
No. 5534.
Court of Appeal of Louisiana, Fourth Circuit.
August 7, 1973.
Rehearings Denied September 26, 1973.
Writs Refused November 9, 1973.
*570 William R. Forrester, Jr., Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, New Orleans, for defendant-appellant.
Nicholas Masters, New Orleans, for plaintiff-appellee.
Before SAMUEL, REDMANN and FLEMING, JJ.
FLEMING, Judge.
Rene Valladares has instituted suit individually and as administrator of the estate of his minor child Imelda, to recover the cost of medical expenses incurred as a result of an automobile accident. Named as defendant is The Monarch Insurance Company which issued a policy of automobile liability insurance to Mr. Valladares containing a medical payment clause provision therein. Certain medical costs were paid by defendant however the instant litigation arose as a result of defendant's refusal to pay the cost of plastic surgery expenses needed by the child as a result of injuries sustained in the accident. The lower court rendered judgment in favor of plaintiff in the amount of $1797.36 the remainder left in the $5000.00 fund specified under the terms of the policy, together with legal interest and statutory penalties of another $1797.36 and attorney's fees of $1000.00. From this adverse judgment defendant has appealed.
The issue which we are called upon to decide in this case is strictly legal in nature and requires a determination of the meaning of certain terminology in defendant's policy. Coverage "C", the medical payments section, obligates the defendant to pay to plaintiff:
"Coverage CMedical Payments: To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, Xray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services.
"Division 1. To or for the named insured and each relative who sustains bodily injury or disease, including death resulting therefrom, hereinafter called `bodily injury', caused by accident,
* * *
"(c) through being struck by an automobile or by a trailer of any type."
The question we must therefore determine is whether the cost of Imelda Valladares' plastic surgery constitutes an expense "incurred within one year from the date of accident."
The facts of this matter are not in dispute.
*571 On September 1, 1963, Imelda Valladares was struck by an automobile and sustained serious bodily injury. As a result of these injuries the child experienced serious scarring on the left shoulder and down the right arm which will necessitate the performance of plastic surgery to effectuate recovery. It has been estimated that approximately four or five operations will be required over a two year period to accomplish the desired results and that the physician's fees will be approximately $2000-$2500.
Imelda's father made initial contact with a plastic surgeon within one year of the date of the accident. This surgeon examined the child and informed plaintiff that surgery would be needed but that it could not be performed immediately because the child was not old enough and her tissues would be more receptive to operative procedures at a later time. Consequently the surgery was not performed within a year of the date of the accident. On this basis defendant contends that the cost of Imelda's plastic surgery is not an expense incurred within the year of the date of accident.
Defendant contends that a medical expense is "incurred" when liability for payment of the expense attaches or in other words when the insured is legally obligated to pay the expense to the treating physician. In support of this contention defendant cites the court to Irby v. Government Employees Insurance Company, La.App., 175 So.2d 9 (1965), Thomas v. Universal Life Insurance Company, La.App., 201 So. 2d 529 (1967) and Drearr v. Connecticut General Life Insurance Co., La.,App., 119 So.2d 149 (1960), all of which discuss the meaning of the term "incur".
In the Drearr case, supra, plaintiff was a U.S. War Veteran confined to the V.A. Hospital in New Orleans for treatment of a duodenal ulcer. Plaintiff sued the Connecticut General Life Insurance Company under a contract of group insurance for the amount of the bill alleging it was an "expense incurred" under the terms of the policy. The suit was defended on the basis that plaintiff was entitled to free treatment and incurred no expense in connection with any services rendered to him.
In that case the court defined the word "incur" as follows:

"`Incur emphasizes the idea of liability * * *'. Webster's New International Dictionary. 1. Bouv.Law Diet., Rawle's Third Revision, p. 1531 similarly points to this inherency in its definition of the term incur: `To have liabilities thrust upon one by act or operation of law * * *'. Also, there are examples in specific legal situations, where it has been held that a thing for which there exists no obligation to pay, either express or implied, cannot in law be claimed to constitute an `expense incurred'. See e. g. Stern-Slegman-Prins Co. v. Commissioner, 8 Cir., 79 F.2d 289; Bauer Bros. Co. v. Commissioner, 6 Cir., 46 F.2d 874."
However, the court found that since plaintiff was entitled to the performance of all medical services free of charge by virtue of federal statute there was no obligation on his part to pay for same and therefore the expenses had not been incurred according to the terms of the policy.
Similarly in the Irby case, supra, plaintiff was injured in an automobile accident while on active duty with the Coast Guard. He was treated in the local United States Public Health Service Hospital for his injuries free of charge under provision of federal law. In a suit against his own liability insurer under the medical payment provision of the policy, the court held that plaintiff was not entitled to recover the reasonable value of medical services rendered since no expenses had been "incurred". The word "incur" was defined as it had been in the Drearr case.
In the Thomas case. the word "incur" was again defined as in the Drearr case. However, recovery was allowed under plaintiff's Hospital and Surgical Expense Policy for medical expenses although they *572 had already been paid by his workmen's compensation insurer. The court held the expenses had been incurred in that plaintiff was legally liable for them.
We agree with the rationale of these cases but are of the opinion that they are factually distinguishable from the facts before us. It is obvious that the purpose of the medical payment provision of the policy is to compensate the named insured for expenses arising from bodily injuries sustained in an accident. In the Irby and Drearr cases there were no expenses to plaintiffs because services had been performed free of charge.
In the instant case however the professional services to be rendered are not to be free of charge but are completely compensable by plaintiff. There is no question that the injuries resulted from the accident of September, 1963 and the defendant was certainly immediately aware that the nature of Imelda's injuries required plastic surgery for correction. Imelda's father did all within his power to provide expeditious treatment for his child and certainly cannot be expected, when, as a medical certainty, surgery cannot be successfully completed within one year of the date of the accident, to nevertheless see to it that an operation is performed before he comes within the terms of the policy.
We are therefore of the opinion that where, as in the instant case, the injury manifests itself within one year of the accident, the insurer is aware of the nature of the injury, the insured approaches a physician and obtains a diagnosis and recommended course of treatment prior to the expiration of one year from the date of the accident, and the treatment cannot successfully be completed within the one year period that the insured has nevertheless "incurred" an expense within the terms of the policy.
A careful review of our jurisprudence convinces us that the issues presented in this case constitute a matter of first impression for this court to pass upon. We have therefore reviewed the decisions of other jurisdictions and various other source materials to aid us in reaching a final conclusion in this matter.
There are split opinions from other states on this matter. See 10 A.L.R.3rd 458. However, we find the rationale of Whittle v. Government Employees Insurance Co., 51 Misc.2d 498, 273 N.Y.S.2d 442 (1966), and Perullo v. Allstate Ins. Co., 54 Misc.2d 303, 282 N.Y.S.2d 830 (1967) to be particularly appropriate.
In the Whittle case, supra, plaintiff brought suit under the medical payment clause of a policy issued by defendant. The policy obligated defendant to pay all reasonable expenses "incurred within one year from the date of accident." The item sued for consisted of dental services required as a result of an accident but which were not paid for and could not be completed within one year of the date of accident. In holding that the amount of these expenses had been incurred within the terms of the policy, the court defined the term "incurred" to include "* * * any liability undertaken within a year of the accident for reasonable medical services necessitated as a result of the accident, irrespective of the time within which such services are completed." (Emphasis added).
The Perullo case, supra, was likewise a claim under the medical payment provision of the policy issued by the defendant insurer. The clause in question bound the defendant to pay "all reasonable expenses incurred within one year from the date of accident."
In that case plaintiff's wife visited a surgeon within one year of the date of the accident and made arrangements to have an operation performed. The operation was not however performed until after the one year period had expired. The court held nevertheless that the expenses of her operation were covered under the terms of the policy since diagnosis had been made *573 and treatment arranged for before the expiration of one year from the date of the accident.
Reference was made by the court to the definition of the term "incurred" as outlined in the Whittle case. The court then went on to find that plaintiff had "undertaken liability" at the time she visited the surgeon.
We find these cases most similar to the one presently before us. We likewise find that since plaintiff initiated a course of action within a one year period designed toward obtaining medical treatment by plastic surgery for his daughter, defendant will be responsible up to policy limits for the cost of this treatment.
We are however of the opinion that defendant should not be cast for the payment of statutory penalties and attorney's fees.
LSA-R.S. 22:658 provides as follows:
"All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney's fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney's fees for the prosecution and collection of such amount. Provided, that all losses on policies covering automobiles, trucks, motor propelled vehicles and other property against fire and theft, the amount of the penalty in each of the above cases shall be 25% and all reasonable attorney's fees. Amended and reenacted Acts 1958, No. 125."
Certainly in light of the fact that a bona fide dispute existed between the litigants and that this case presents a matter of first impression in our jurisprudence, defendant acted reasonably in refusing to pay this claim. While we disagree with the interpretation defendant placed on the policy we do not find defendant's actions violative of the above quoted statute. Songe v. Tennessee Life Insurance Company, La. App., 260 So.2d 149 (1972); Tingle v. Reserve Life Insurance Company, La.App., 260 So.2d 333 (1972).
For the foregoing reasons, the judgment appealed from is recast and it is hereby ordered that there be judgment in favor of plaintiff, Rene Valladares, individually, and as administrator of the estate of his minor child, Imelda Valladares, against defendant, The Monarch Insurance Company, in the sum of $1797.36 with legal interest from date of judicial demand.
All costs of both the lower court and this court are to be borne by defendant-appellant.
Affirmed in part; reversed in part; rendered.
REDMANN, Judge (dissenting in part).
I dissent from the denial of penalties and attorney's fees under R.S. 22:658, being of the opinion that Seguin v. Continental Service L. & H. Ins. Co., 230 La. 533, 89 So.2d 113 (1956), obliges their imposition. See also Niles v. American Bankers Ins. Co., 229 So.2d 435 (La.App. 1969), writ refused 255 La. 479, 231 So.2d 394.