Stevie J. HARGIS b/n/f and father,
Donald Hargis, Plaintiff-Appellee,

v.

PILOT LIFE INSURANCE COMPANY,
Defendant-Appellant.

Court of Appeals of Tennessee,
Middle Section.

Feb. 25, 1977.

Certiorari Denied by Supreme Court
April 25, 1977.

James W. Chamberlain, Chamberlain & Parker, Lafayette, for defendant-appellant.

Frank D. Farrar, Lafayette, for plaintiff-appellee.

DROWOTA, Judge.

## OPINION

This is an action to recover under a group athletic accident insurance policy for medical expenses. The assignments of error raise two issues for our determination: (1) whether this action is barred by principles of res judicata and (2) whether the insurance policy covers the medical expenses incurred by the insured.

On March 27, 1972, plaintiff-appellee suffered a broken leg while playing football at Macon County High School. A steel plate was inserted in his leg to hold the fracture in proper position. At this time it was known that the steel plate would need to be surgically removed in 18–24 months. This plate was removed from plaintiff's leg on December 28, 1973.

Plaintiff was insured under an athletic accident insurance policy issued by defendant-appellant to Macon County High School. This policy obligated defendant to pay for all reasonable medical expenses incurred within one year of the date of the accident up to $5,000.00. Defendant paid the medical expenses charged to plaintiff for the twelve month period after the injury was sustained. However, defendant denies liability for the medical expenses of removing the steel plate since those expenses were incurred more than twelve months after the accident.

On March 14, 1975, plaintiff first instituted this action to recover for the medical expenses of removing the steel plate from his leg by filing a civil warrant against defendant in the General Sessions Court of Macon County, Tennessee. This action was dismissed at the request of the plaintiff on April 26, 1975, the scheduled date for the trial of this matter. The Judge wrote "Dismissed" on the civil warrant.

On July 16, 1975, plaintiff filed a second suit in the General Sessions Court of Macon County, Tennessee. Defendant filed a plea arguing that this action was barred under principles of res judicata. The Judge dismissed this action.

Plaintiff appealed to the Circuit Court of Macon County, Tennessee. The Court overruled defendant's plea of res judicata and granted plaintiff a judgment in the amount of $764.80, which sum represents the expenses incurred in removing the steel plate. The Court found under the authority of *Atchley v. Travelers Ins. Co.*, 489 S.W.2d 836 (Tenn.1972), that the expenses for removing the steel plate were incurred when the steel plate was implanted and thus covered under the insurance policy.

## I.

The first issue for determination is whether this action is barred by principles of res judicata. This action was first scheduled to be heard in General Sessions Court on April 26, 1975. Plaintiff voluntarily asked for a dismissal at the hearing and the word "Dismissed" was written by the Judge on the civil warrant. On July 16, 1975, plaintiff filed this suit for a second time in General Sessions Court. Defendant argues that this action is barred under principles of res judicata.

Plaintiff should have asked for a "voluntary nonsuit" or a "dismissal without prejudice." A voluntary nonsuit or a dismissal without prejudice does not preclude a party from reinstituting his law suit.

At the time this first action was dismissed there had been no trial on the merits. Since there was no trial on the merits and since defendant's second assignment of error is determinative of this appeal, we overrule appellant's first assignment of error. See *Stewart v. Univ. of Tennessee*, 519 S.W.2d 591, 593 (Tenn.1974).

## II.

The second issue for consideration is whether the expenses for the removal of the steel plate are covered under the insurance policy issued by the defendant. The relevant language of the insurance policy is as follows:

PART B—MEDICAL AND DENTAL EXPENSE BENEFITS

. . . . .

"Covered Medical and Dental Expenses" means the following charges, not in excess of the reasonable and customary charges made by the individual or organization for the services rendered or the supplies furnished, when actually made to or on account of an insured person for services or supplies which are necessary to the care and treatment of "such injuries", are ordered by a physician (or a dentist, in the case of dental treatment) and are rendered or furnished not later than twelve months after the date of the accident in which "such injuries" were sustained; . . .

EXCLUSIONS

. . . . .

(7) nor shall payment of any kind be made for or on account of

. . . . .

(b) expenses incurred on account of any injury if such expenses are incurred more than twelve months following the date of the accident in which such injury was sustained; an expense being deemed to have been incurred on the date the service for which the charge is made shall have been received or rendered.

The Circuit Court relied on *Atchley v. Travelers Ins. Co.*, 489 S.W.2d 836 (Tenn. 1972) in holding that the expenses for the removal of the steel plate were incurred

within twelve months of the date of the accident since at the time the steel plate was implanted in plaintiff's leg it was known that in 18–24 months the plate would have to be removed.

In *Atchley* the Supreme Court held that medical expenses are "incurred" when the necessity for the medical expenses is manifested and not when the services are actually performed. The facts in *Atchley* involved an insured who sustained a fractured tibia. Within a year of the accident two metal screws were implanted in the tibia. At the time of the implantation it was known that the screws would need to be removed at a later date. The insurance policy covered all medical expenses incurred within a year of the accident.[1] The screws were removed more than a year after the accident. The Supreme Court held that the expenses for the removal of the screws were incurred when the screws were implanted and thus were covered by the insurance policy.

We recognize *Atchley* as authority for an interpretation of the word "incurred" in an insurance contract employing language similar to that used in the insurance policy sued upon in *Atchley*. The word "incurred" was not further defined in the insurance policy in *Atchley*.

■ In the case at bar the language of the insurance policy is quite different from the language of the insurance policy in *Atchley*. The insurance policy covers "medical expenses rendered or furnished not later than twelve months from the date of the accident." The policy excludes expenses incurred more than twelve months from the date of the accident and defines "incurred" as follows: "an expense being deemed to have been incurred on the date the service for which the charge is made shall have been received or rendered." In contrast to the insurance policy in *Atchley*,

the insurance policy sued upon here specifically provides that expenses "received", "rendered" or "furnished" more than twelve months after the accident are not included in the coverage of the policy. We thus find that the *Atchley* decision is not controlling in this case due to the differences between the language used in the insurance policies in *Atchley* and the case at bar.

It is clear that the medical expenses for the removal of the steel plate were "received", "rendered" or "furnished" more than twelve months after the accident and are not covered under the terms of the insurance policy.

The judgment of the Circuit Court is therefore reversed and this action is dismissed.

Reversed and dismissed.

SHRIVER, P. J., concurs.

TODD, J., concurs.

---

1. This Court has reviewed the insurance contract which was construed by the Supreme Court in *Atchley*. The pertinent language of the policy is: "The company will pay all reasonable medical expenses incurred within one year from the date of the accident: . . . ."

It should be noted that the trial court did not have the benefit of the *Atchley* insurance contract.