DOROTHY B. JOHNSON, Plaintiff-Appellant, *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.

First District (3rd Division)    No. 78-1649

Opinion filed October 24, 1979.

Johnson & Armel, of Chicago, for appellant.

Victor J. Piekarski, of Querrey, Harrow, Gulanick, & Kennedy, Ltd., of Chicago, for appellee.

Mr. JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Dorothy Johnson, brought this action to recover damages for the failure of defendant, State Farm Mutual Insurance Company, to make payments pursuant to the medical payments provision of an insurance policy issued by defendant. The trial court granted defendant's motion for summary judgment and plaintiff appeals. We affirm.

On August 15, 1974, plaintiff was injured in an automobile accident, suffering a nasal fracture and lacerations of the nose. At that time, plaintiff was insured under an automobile insurance policy issued by defendant. The policy contained a medical payments provision, subject to a $5,000 limit, which stated that defendant agreed:

> "*To pay reasonable medical expenses incurred for services furnished within one year from the date of accident:* To or for the first person named in the declaration and, if a resident of his

household, his spouse and any relative of either who sustains bodily injury, caused by accident

    (1) while occupying the owned motor vehicle &ast; &ast; &ast;." (Emphasis added.)

As a result of the accident, plaintiff was hospitalized for two days, during which time she first saw Dr. A. Badri, a plastic surgeon. When plaintiff saw Dr. Badri in March 1975, he recommended surgery; however, he told plaintiff that her nose would "have to settle" for at least a year after the accident. Following this visit, plaintiff informed a State Farm representative that additional surgery was likely but would have to be postponed until the scar tissue healed.

Plaintiff made an appointment to see another plastic surgeon, Dr. Lotter, on August 14, 1975. Due to a previous business engagement, she had to cancel this appointment. Plaintiff scheduled another appointment for the next available date, and surgery was performed by Dr. Lotter on September 4, 1975. Plaintiff submitted the medical bills for this surgery to defendant, but defendant refused to pay the claim because the services were not furnished within the one-year limit specified in the policy.

The sole issue presented here is whether the trial court properly granted summary judgment in favor of defendant because plaintiff's expenses for the September 4 surgery were not "incurred for services furnished within one year from the date of accident." Plaintiff urges this court to accept the interpretation some courts have given to the term "incurred." (See, *e.g.*, *Farr v. Travelers Indemnity Co.* (1975), 84 Misc. 2d 189, 375 N.Y.S.2d 229; *Perullo v. Allstate Insurance Co.* (1967), 54 Misc. 2d 303, 282 N.Y.S.2d 830; *Whittle v. Government Employees Insurance Co.* (1966), 51 Misc. 2d 498, 273 N.Y.S.2d 442; *Valladares v. Monarch Insurance Company* (La. App. 1973), 282 So. 2d 569.) These cases involve insurance policies which cover "reasonable expenses incurred within one year from the date of accident." These courts have interpreted "incurred" in this context to include certain expenses for services rendered beyond the one-year time limit.

■■ The present case is different than the cases relied upon by plaintiff. Here, the language in the policy is clear and unambiguous in limiting liability to "services furnished within one year from the date of accident." When an insurance policy is unambiguous, the intent of the parties is determined from the language of the agreement. (*Mollihan v. Stephany* (1977), 52 Ill. App. 3d 1034, 1039, 368 N.E.2d 465, 469; *Dawes' Laboratories v. Commercial Insurance Co.* (1974), 19 Ill. App. 3d 1039, 1048, 313 N.E.2d 218, 224.) Clear and unambiguous words are given their plain and ordinary meaning. (*Weiss v. Bituminous Casualty Corp.* (1974), 59 Ill. 2d 165, 170, 171, 319 N.E.2d 491, 495; *Jenkins v. State Security Insurance Co.* (1978), 56 Ill. App. 3d 737, 742, 371 N.E.2d 1203, 1206.) If

the agreement does not violate a law or public policy, the parties to an insurance contract may limit liability, and the plain language of that limitation must be given effect. (*Gray v. Great Central Insurance Co.* (1972), 4 Ill. App. 3d 1084, 1085, 1086, 283 N.E.2d 261, 263.) In the instant case, the language of the limitation is clear and unambiguous and, therefore, must be given effect. In order to recover under the policy, the services themselves must be furnished within one year from the date of accident.

In the cases relied upon by the plaintiff, the policies covered "reasonable expenses incurred within one year from the date of accident" without any stated requirement that the services be furnished within that year. We do not decide the effect of such a provision in a proper case, but that provision is clearly distinguishable from the one involved in the present case. The parties in this case agreed, in clear and unambiguous terms, to limit liability under the medical payments coverage to expenses incurred for services furnished within one year from the date of accident. The agreement must be enforced as written. The trial judge, therefore, properly granted summary judgment in favor of defendant.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

SIMON, P. J., and McNAMARA, J., concur.