NINA McDANIEL, Adm'r of the Estate of Jack Hladyshewski, Deceased, Plaintiff-Appellee, v. MADISON COUNTY MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant.—(RICHARD A. MOUSETTE, Defendant.)

Fifth District   No. 80-138

Opinion filed April 1, 1981.

Joseph R. Davidson and Ronald A. Roth, both of Bernard, Davidson & Kaseberg, of Granite City, for appellant.

Hillebrand, Cook & Shevlin, Ltd., of East St. Louis (Robert J. Hillebrand, of counsel), for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

In this action for construction of the terms of an automobile insurance policy, the trial court found that medical and funeral expenses incurred for plaintiff's decedent constituted "property damages" within the meaning of the policy and rendered a declaratory judgment therefor against defendant insurance company. Defendant appeals. We reverse.

The plaintiff is the administratrix of the estate of Jack Hladyshewski, who died several days after an automobile collision with co-defendant Richard Mousette. She brought suit against Mousette in the circuit court of St. Clair County for the wrongful death of the decedent, for the pain and suffering of the decedent between the accident and his death, and for hospital and burial expenses incurred because of the accident. Madison County Mutual, Mousette's insurer, did not contest liability to the extent of the $10,000 limit of the "bodily injury" clause of Mousette's policy, and counts I and II were removed as issues in the case. However, it denies liability under the "property damage" clause for an additional $5,000 worth of medical and funeral expenses for which the decedent's estate is liable.

The sole issue in this appeal is whether the insurer's liability for medical and funeral expenses resulting from the collision is limited to $10,000 by virtue of the "bodily injury" clause of the policy or whether the administratrix can recover an additional $5,000 under the "property damage" clause. The trial court rendered judgment therefor.

In that judgment the court stated:

"The Court finds that, as a practical matter, few, if any insureds read the lengthy and complex automobile policies that are worded, prepared, printed and disseminated by the insurer; furthermore, insureds frequently rely upon the counsel and advice of the representatives of the insurer. To argue that a specific provision or phrase of a lengthy printed policy incorporates the intention of the insured is far-fetched in the normal situation, but such an argument is obviously untenable where the question involved is sufficiently rare that no court in the land has passed on it. Moreover, in view of the unparalleled preoccupation of the Anglo-American judicature over a period of more than ten centuries with the concept of "property," it is strange indeed that an auto carrier would suggest "common useage" [*sic*] as a defense. The Court seriously doubts that this defendant (or any other company) would advocate the implementation of the "common useage" [*sic*] concept in interpreting insurance contracts generally.

Finally, this Court finds that the insurance industry is better able to distribute the losses resulting from the judicial interpretation (or

expansion) of the word property to include burial and medical bills than to impose them on the estate of the victim. Obviously, if the insurers wish to avoid such risks they can make their policies more explicit."

We do not believe this case presents issues of reliance upon oral representations, of risk-shifting, or of unconscionability. Instead it involves a question of contract interpretation requiring an examination of the pertinent language in that contract.

Under the heading, "Bodily Injury Liability," the insurer agrees

"* * * to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile."

Further in the policy, the insurer limits its liability for bodily injury coverage as follows:

"The limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by one person as the result of any one accident."

As for property damage liability, the company states that it will

"* * * pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of liability imposed on him by law for damages on account of injury to or destruction of property caused by accident and arising out of the use, ownership or maintenance of the automobile."

The plaintiff contends that the phrase "injury to or destruction of property" is ambiguous. She argues that, as she is obliged, as administratrix, to pay for hospital and funeral expenses resulting from the accident, injury has occurred to her "property," *i.e.*, the estate. She submits that the failure of the insurer to limit "property damage" recovery to "tangible" property creates an ambiguity that should be construed to allow the administratrix to recover medical and burial expenses as "property damage" (*Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, 370 N.E.2d 1044).

■■ When construing the language of an insurance policy, as with contracts generally, the intent of the parties must be determined by examining the wording of the policy. (*Johnson v. State Farm Mutual Automobile Insurance Co.* (1979), 78 Ill. App. 3d 144, 396 N.E.2d 1190; *Body v. United*

*Insurance Co. of America* (1979), 72 Ill. App. 3d 594, 391 N.E.2d 19.) The policy must be read as a whole (*Body*), and if the provisions of the policy are unambiguous, they should be fully enforced. *Body; Kirk v. Financial Security Life Insurance Co.* (1978), 75 Ill. 2d 367, 389 N.E.2d 144.

■■ We agree that any lack of clarity could have been eliminated by a reference in the policy to "tangible" property. But, the "bodily injury" clauses of the policy make it obvious that medical and funeral expenses should be considered as part of the "bodily injury coverage." For example, the $10,000 limit to that coverage is "the limit of the company's liability for *all damages, including damages for care* and loss of service, arising out of bodily injury, sickness or disease, *including death* at any time resulting therefrom, sustained by one person as the result of any one accident." (Emphasis added.) The underlined portions of this clause show that, in this case, the insurer meant to pay no more than $10,000 for all medical and funeral expenses incurred because of the injury of one person. This limit is intended to apply no matter who pays those expenses on behalf of the injured person.

Our reading of the policy limits agrees not only with the plain wording of the document but also with the interpretation of similar provisions by other courts. The argument advanced in this case was also made in *Gaines v. Standard Acc. Ins. Co.* (La. App. 1947), 32 So.2d 633, 640, where the court stated:

> "Counsel for the plaintiff has made a very ingenious argument that judgment can be rendered in favor of Billy [Gaines] for $5,000 for his personal injuries and in favor of Mr. Gaines [his father] for another $5,000 for his damages, most of which consists of the cost to him of treating Billy for his injuries, even though liability is by the terms of the policy limited to $5,000 for bodily injury to one person and $5,000 for damage to property. The ingenuity consists in an attempt to demonstrate that the cost to Mr. Gaines of treating Billy for his injuries is a property damage.
>
> &ast; &ast; &ast;
>
> Counsel [argues] that Mr. Gaines' claim for the expenses incurred and to be incurred by him in the treatment of Billy for his injuries is not a claim for damages for bodily injuries but a claim for damages to Mr. Gaines' property. The argument made is very ingenious but we do not think it sound. If Billy had been of age and had paid his own expenses for his treatment, those expenses would have been a part of the damages suffered by him as a result of his bodily injuries &ast; &ast; &ast;. The mere fact that his father rather than himself incurred and will incur the liability for the expenses because of his minority cannot convert the claim for their reim-

bursement for a claim for damages for Billy's bodily injuries into a claim for property damage. A claim for reimbursement of expenses paid or incurred in treating a person for bodily injuries is, in our opinion, a claim for damages for his bodily injuries whether those expenses be incurred or paid by him or by someone else, such as his parent or spouse."

We think that the reasoning stated in *Gaines* applies as well to the payment of medical and funeral expenses by an administratrix.

Other cases have also held that all expenses resulting from injury to the person are to be considered as "bodily injury" (*Gass v. Carducci* (1964), 52 Ill. App. 2d 394, 202 N.E.2d 73; *Saltzberg v. Lumbermens Mut. Casualty Co.* (1950), 326 Mass. 351, 94 N.E.2d 269; 45 C.J.S. *Insurance* §925(c) (1946)), and not as "property damage," even if the claim for recovery is made by one other than the injured person. (*Harvey Wrecking Co. v. Certain Underwriters at Lloyd's, London* (1968), 91 Ill. App. 2d 449, 235 N.E.2d 385; *American Family Mutual Automobile Insurance Co. v. Johnson* (Ind. App. 1971), 269 N.E.2d 560; *Napier v. Banks* (1967), 9 Ohio App. 2d 265, 224 N.E.2d 158; *Royal Indemnity Co. v. Olmstead* (9th Cir. 1951), 193 F.2d 451; Annot., 13 A.L.R.3d 1228 (1967).) Consequently, plaintiff's characterization of her claim as "property" cannot expand the limit of defendant's liability for "bodily injuries" to include the limit for "property damage" in a request for the recovery of medical and funeral expenses.

Accordingly, we reverse the judgment of the circuit court of St. Clair County insofar as it grants recovery to the plaintiff in excess of the $10,000 bodily injury limit in Richard Mousette's automobile liability policy.

Reversed.

KASSERMAN, P. J., and WELCH, J., concur.