STOKER, Judge.
Plaintiff, Michael A. Romano, appeals from a judgment which granted a motion for summary judgment. The defendant, Pilot Life Insurance Company, denied coverage for certain medical expenses occasioned by injuries sustained by plaintiff’s minor son, Dana Romano, while participating in a football game as a student at Leesville High School. We reverse and remand.
Pilot Life Insurance Company relied on the following provisions in its policy:
“EXCLUSIONS
“No payment of any kind shall be made for injury, death or any other loss caused, wholly or partly, directly or indirectly, by
(7) nor shall payment of any kind be made for or on account of
j}s sfc sjc :}: ;{; ‡
(b) expenses incurred on account of any injury if such expenses are incurred more than twelve months following the date of the accident in which such injury was sustained; an expense being deemed to have been incurred on the date the service for which the charge is made shall have been received or rendered.” (Emphasis supplied.)
Dana’s injury occurred on October 26, 1979, and consisted of a fractured forearm. He underwent open reduction of the fracture, and the surgical procedure involved required the insertion of slotted plates and screws. The insurer admits liability for the hospital, surgical and related expenses for this initial treatment but resists payment of the costs of removing the plates and screws more than a year after the accident.
The italicized portion of the policy language purports to fix the date of “expenses incurred”. The insurer urges that the date should be deemed to be “the date the service for which the charge is made shall have been received or rendered.” The insurer further urges that inclusion of this explicit qualification as to the time expenses are incurred distinguishes this case from Valladares v. Monarch Insurance Company, 282 So.2d 569 (La.App. 4th Cir.1973), writ refused, 284 So.2d 603 (La.1973) and Humphries v. Puritan Life Insurance Company, 311 So.2d 534 (La.App. 3rd Cir.1975). The policies in those cases contained no definitions of the word “incurred” and no qualification with reference to the time expenses should be deemed incurred.
We do not reach the merits of these contentions as we conclude that there are genuine issues of material fact which must be resolved. Therefore, the motion for summary judgment cannot be granted.
MATERIAL ISSUES OF FACT AS TO NOTICE
Plaintiff-appellant, Romano, urges that there is an issue as to whether the defendant insurer is estopped from denying benefits on the ground that plaintiff had no access to the policy and the insurer gave no notice of the policy limitations. Plaintiff contends there is no evidence in the record on this point. Plaintiff’s position is that the language in question was not brought to his attention and he was not furnished with a copy of the policy or notice of its provisions.
*525 The policy in the record shows it was issued to “Vernon Parish Schools” and not to plaintiff. The policy lists as persons insured “those bona-fide students of the school or schools under the supervision of the Policyholder who are actively participating in the interscholastic sport of football during the term of this policy, and who have been identified to the Company by the Policyholder as required herein.” The allegations of plaintiff’s petition state that the policy was sold, issued and delivered to the Vernon Parish School Board. The contracting parties were the school board and the defendant insurer. It appears, nevertheless, that Dana Romano was an insured under the policy definition of insured.
STATUTORY REQUIREMENT OF NOTICE
A requirement of notice is provided by statute in LSA-R.S. 22:215 A(3)(c) and (g), the provisions of which are:
§ 215. Group, family group, blanket and franchise health and accident insurance
A. Any insurer authorized to write health and accident insurance in this state shall have power to issue policies described in this Section:
* sf! * * :}: *
(3) Blanket health and accident insurance is any policy covering special groups of persons as enumerated in one of the following paragraphs (a) through (f):
******
(c) Under a policy issued to a college, school, or other institution of learning or to the head or principal thereof, who or which shall be deemed the policyholder, covering students or teachers.
******
(g) An individual application shall not be required from a person covered under such a blanket policy. The insurer shall furnish to the policyholder for delivery to the insured a certificate of insurance which shall disclose the benefits, limitations, exclusions and reductions contained in the policy and the provisions relating to notice of claim, proof of loss, time of payment of claim and any other relevant information, including the name and address of the insurer. All benefits under any such blanket policy shall be payable to the person insured, or to his designated beneficiary or beneficiaries, if the policy permits the designation of named beneficiaries, or to his estate, except that if the person insured be a minor such benefits may be made payable to his parent, guardian, or other person actually supporting him.
It will be noted that while individual applications are not required, the persons for whose benefit the insurance is issued must be given certificates of insurance. The certificates must disclose the critical matters in the policy. Of particular significance is the requirement that the certificate include information as to any “limitations” and “exclusions” contained in the policy as set forth in the last paragraph quoted above, subparagraph (g) of LSA-R.S. 22:215 A(3).
Under the statutory scheme Pilot Life Insurance Company was required (1) to furnish certificates of insurance containing the information listed in subparagraph (g) to the Vernon Parish Schools, the policyholder, and (2) the policyholder should have delivered such a certificate to Dana Romano or to plaintiff-appellant as his son’s representative. In the absence of a showing or an affidavit to the effect that the statute was complied with, the motion for summary judgment filed by Pilot Life Insurance Company cannot be granted. In order to rely on the twelve-month limitation of its policy Pilot Life must have complied with the statute. Doubtless this includes a showing that a certificate of insurance calling attention to the twelve-month limitation of its policy was in fact delivered to the Vernon Parish School Board for delivery to the Romanos. Lombard v. Manchester Life Insurance Company, 406 So.2d 742 (La.App. 4th Cir.1981), writ denied, 410 So.2d 764 (La.1982).
In fairness to the trial judge who granted the motion for summary judgment in this *526 case, we note that it does riot appear that the provisions of LSA-R.S. 22:215 A(3)(g) were called to his attention.
In view of our finding that the motion for summary judgment must be reversed and the case be remanded, we do not reach plaintiff-appellant’s argument that the policy provisions sought to be invoked by the insurer are either ambiguous or void as against public policy.
For the foregoing reasons the judgment of the trial court is reversed, and the case is remanded to the trial court for further proceedings consistent with the expressions stated in this opinion. The costs of this appeal are assessed to defendant-appellee, Pilot Life Insurance Company.
REVERSED AND REMANDED.
KNOLL, J., concurs and assigns written reasons.