# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-445


PATRICK BARTON, ET AL.

VERSUS

AVOYELLES PARISH SCHOOL BOARD,

ET AL.


**\*\*\*\*\*\*\*\*\*\***

ON SUPERVISORY WRITS FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2010-5032
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE, DIVISION A

OPINION ON REMAND

**\*\*\*\*\*\*\*\*\*\***

**JOHN D. SAUNDERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, Billy Howard Ezell, James T. Genovese, and Shannon J. Gremillion, Judges.


**AFFIRMED.**


**Gremillion, J., dissents in part and assigns reasons.**

**Ronald J. Fiorenza**
**Provosty, Sadler, DeLaunay, Fiorenza & Sobel**
**P. O. Box 1791**
**Alexandria, LA 71309-1791**
**(318) 445-3631**
**COUNSEL FOR DEFENDANTS/RESPONDENTS:**
    **Avoyelles Parish School Board**
    **John T. Dunbar, III**
    **John Hill**
    **Channing Smith**

**Robert Irwin Siegel**
**Matthew F. Morgan**
**Gieger, LaBorde & Laperouse, L. L. C.**
**701 Poydras St., Ste. 4800**
**New Orleans, LA 70139-4800**
**(504) 561-0400**
**COUNSEL FOR DEFENDANT/APPLICANT:**
    **National Union Fire Insurance Company of Pittsburgh, PA**

**Dorwan Gene Vizzier**
**Broussard, Halcomb & Vizzier**
**P. O. Box 1311**
**Alexandria, LA 71309-1311**
**(318) 487-4589**
**COUNSEL FOR PLAINTIFFS/RESPONDENTS:**
    **Patrick Barton**
    **Erica Lavalais**
    **Wilbert D. Barton**

**Covert James Geary**
**Jones Walker LLP**
**201 St. Charles Ave.**
**New Orleans, LA 70170-5100**
**(504) 582-8000**
**COUNSEL FOR DEFENDANT/RESPONDENT:**
    **Monumental Life Insurance Company**

**Robert Jefferson David, Jr.**
**Juneau David APLC**
**P. O. Drawer 51268**
**Lafayette, LA 70505-1268**
**(337) 269-0052**
**COUNSEL FOR DEFENDANT/RESPONDENT:**
    **Chartis Specialty Insurance Company**

**SAUNDERS, Judge.**

Wilbert Barton was a member of the Marksville High School football team, and he was injured on April 24, 2009, while playing football during a fifth period physical education class. The class was approved by the school principal, Stephen M. Allgood, and the head football coach, John T. Dunbar, III, as a strength and conditioning program for the junior varsity football players. The class was taught by an assistant football coach, Randy Price. At the time of his accident, Wilbert was playing football on the school's football practice field and being supervised by two volunteer football coaches, John Hill and Channing R. Smith. While Wilbert was running with the football, he was tackled and sustained a cervical fracture and paralysis. As a result, Wilbert is a quadriplegic, and he has incurred more than $500,000.00 in medical bills.

Plaintiffs, Patrick Barton and Erica Barton, filed a lawsuit individually and on behalf Wilbert, naming Avoyelles Parish School Board, Dunbar, Price, Hill, and Smith as defendants as well as National Union Fire Insurance Company of Pittsburgh, Pennsylvania (National Union). In addition to seeking general and special damages, Plaintiffs sought penalties and attorney's fees from National Union for its alleged arbitrary and capricious failure to pay Plaintiffs' claims.

The Avoyelles Parish School Board had purchased a policy of insurance to cover interscholastic athletes in cases of accidental injury from National Union. The policy was effective from August 1, 2008, to July 31, 2009. Asserting that the policy does not cover Plaintiffs' claims, National Union filed a motion for summary judgment seeking dismissal of Plaintiffs' claims for compensatory damages as well as their claim for penalties and attorney's fees. The trial court

denied National Union's motion for summary judgment. National Union sought supervisory writs from the judgment.

Initially, we denied the writ, finding no error in the trial court's ruling. Subsequently, National Union applied to the Louisiana Supreme Court for a supervisory and/or writ of certiorari. That writ was granted, and the matter was remanded to us with instructions that we allow briefing, argument, and full opinion. Having allowed the briefs and heard the arguments, we now render this opinion.

## POLICY COVERAGE

National Union argues that the trial court erred when it denied its motion for summary judgment. It points out that the policy states that coverage extends to injuries occurring 1) during the official football season, and 2) during a regularly scheduled and approved game or practice session.

It is well settled that summary judgments are reviewed de novo. *Thibodeaux v. Lafayette Gen. Surgical Hosp. L.L.C.*, 09-1523 (La.App. 3 Cir. 5/5/10), 38 So.3d 544. Here, National Union is asserting that summary judgment should have been granted on two issues. Thus, both issues are subject to a de novo review.

Nation Union argues that the insurance policy does not cover Plaintiffs' claims because their son's accident occurred outside the official football season. National Union contends that Wilbert's accident occurred on April 24, 2009, a date that is not part of the official football season. National Union points out that Marksville High School is a member school of the Louisiana High School Athletic Association (LHSAA). The LHSAA handbook, introduced into the record, provides that the official 2009 football season extends from August 11, 2009, to December 12, 2009. Also, National Union contends that the plain and prevailing

meaning of an American football season is confined to the fall and winter months. Thus, it maintains that Wilbert's accident in April did not satisfy the policy's requirement that the injury must have occurred during football season.

Also, National Union asserts that Plaintiffs cannot satisfy the additional policy requirement that the injury must have occurred during a regularly scheduled and approved football practice or game. It contends that Wilbert was injured during a physical education class rather than a regularly-scheduled football practice. National Union also contends that Kenny Henderson, who is the executive director for the LHSAA, stated in his affidavit that practices are not to be approved or scheduled during class hours.

National Union maintains that the policy provides that the practices must be approved by the "participation organization," and it asserts that the participating organization is the school board, not the high school principal. Thus, National Union contends that at the time Wilbert was injured, he was not participating in an approved football practice. For these reasons, National Union asserts that Plaintiffs' claims against it should be dismissed because the claims are not covered by the National Union policy.

In their opposition to the writ application, Plaintiffs argue that the trial court properly denied National Union's motion for summary judgment because there are genuine issues of material fact of whether Wilbert's accident is covered by the National Union policy. Plaintiffs argue that the policy should be interpreted in favor of coverage because the policy is ambiguous. Plaintiffs note that the policy does not define any of the following terms or phrases: "official season of the sport," "regularly scheduled," "approved," and "practice session." Plaintiffs also note that while National Union relies on the bylaws of the LHSAA and the

3

affidavit of the LHSAA's director for its position on what constitutes the official football season and an approved practice, the policy makes absolutely no reference to the LHSAA or its constitution and bylaws. Further, Plaintiffs point out that while the LHSAA's bylaws indicate that the football season would end on November 8, the championship games are played in December. Thus, Plaintiffs argue that based on the LHSAA's limited definition of football season, a student injured in a playoff or championship game would not be covered under National Union's policy. Also, Plaintiffs note that while Rule 4.1.4 of the LHSAA's bylaws prohibits direct or indirect coaching during the school year other than during the season of the sport or spring practice. Additionally, a strength and conditioning program is allowed under Rule 4.1.6 as long as it is approved by the school principal. Thus, Plaintiffs contend that a reasonable interpretation of the LHSAA's rules is that Spring practice and strength and conditional programs (such as the one in which Wilbert was involved at the time when he was injured) are considered part of the football season because if they were not "part of the season" they would be included in Rule 4.1.1's prohibition against out-of-season practice.

Plaintiffs assert that not only did Wilbert's injury occur during the football season, but it also occurred during a regularly-scheduled practice. Plaintiffs contend that at the time of his accident, Wilbert was participating in a strength and conditioning physical education class approved specifically for Marksville High School's football players, and that he was being supervised and taught by football coaches. Also, Plaintiffs note that Coach Dunbar stated in his deposition that the strength and conditioning exercises in which Wilbert and his classmates were engaged at the time of the accident are the same activities that the football players do during regular football practices. Thus, Plaintiffs argue that the strength and

conditioning class was an integral part of the football program. Plaintiffs maintain that since the class was authorized for both the fall and spring semesters, the spring semester was also considered to be within the official season of football.

We find that Plaintiffs' arguments have merit. There is ambiguity in the policy, especially since phrases such as "official season of the sport" and "practice sessions" are not defined. Simply tying the football season to specific dates on the calendar would have removed all ambiguity. The jurisprudence has held that ambiguous contractual provisions are generally construed against the insurer and in favor of coverage. *Sims v. Mulhearn Funeral Home, Inc.,* 07-54 (La. 5/22/07), 956 So.2d 583. That is what we must do here. Finding, therefore, that the record establishes a genuine issue of material fact regarding whether the National Union policy affords coverage, summary judgment is precluded as to the coverage issue, and we find no error in the trial court's ruling in this regard.

## ARBITRARY AND CAPRICIOUS CLAIM HANDLING

National Union asserts that, at the very least, this court should order that Plaintiffs' claims for penalties and attorney's fees be dismissed on summary judgment because penalties are not appropriate in situations where the insurer is acting in good faith. National Union maintains that given the wording of the policy and the factual circumstances of this case, it has reasonable grounds for denying coverage for Plaintiffs' claims.

Plaintiffs assert that summary judgment on issues of penalties and attorney's fees under La.R.S. 22:1821 and 1892 are premature. We agree.

In *Holland v. Golden Rule Ins. Co.*, 96-264, p. 6 (La.App. 3 Cir. 10/9/96), 688 So.2d 1186, 1189-90, this court opined:

"Whether or not an insurer's reasons for refusal are just and reasonable grounds is a question of fact to be determined from the individual facts and circumstances of each case." (Citations omitted). *Thompson v. Business Insurance Life of America*, 413 So.2d 331, 337 (La.App. 3 Cir.1982). Insurance companies, as is everyone, are bound to know the law which provides that "Any exclusion from coverage in an insurance policy must be clear and unmistakable. If more than one interpretation of an exclusion is reasonable, the one affording coverage to the insured will be adopted." *Hoffpauir v. Time Ins. Co.*, 536 So.2d 699, 702 (La.App. 3 Cir.1988).

An insurer takes the risk of misinterpreting its own policy provisions. Such error will not be considered reasonable grounds for delaying the payment of benefits. Even when the issues involved are *res nova*, an insurer may be cast for penalties. *Coker v. American Health and Life Insurance Company*, 525 So.2d 130 (La.App. 3 Cir.1988). The issue of whether just and reasonable grounds exist is a question of fact. The trial court's factual determination will not be disturbed on appeal unless clearly wrong. *Lucito v. Louisiana Hospital Service, Inc.*, 392 So.2d 700 (La.App. 3 Cir.1980).

In *Holland*, we affirmed an award for penalties and attorney's fees assessed against an insurance company because it denied coverage under its policy when there was ambiguity in the policy pertaining to coverage, it was put on notice of that ambiguity in the policy, and that ambiguity was the reason that the trial court found that the policy provided coverage. Here, the record indicates that the trial court could reasonably find that National Union's policy provides coverage for the accident due to amibiguity present that impacts the issue of coverage and that National Untion was put on notice of that ambiguity. Thus, National Union could reasonably be subject to the assessment of penalties and attorney's fees.

Given the above, genuine issues of material fact preclude summary judgment on this issue and the issue is premature. Accordingly, we find no error by the trial court in denying National Union's motion for summary judgment on the issue of whether its handling of the Plaintiffs' claim was arbitrary and capricious.

**DECREE**

There are a genuine issues of material fact as to whether National Union's policy provides coverage for the damages Plaintiffs suffered in the subject accident and whether National Union's handling of the claim was artibrary and capricious. Thus, we affirm the trial court's ruling denying National Union's Motion for Summary Judgment as to those issues.

**AFFIRMED.**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-445

PATRICK BARTON, ET AL.

VERSUS

AVOYELLES PARISH SCHOOL BOARD, ET AL.

**GREMILLION, Judge, dissenting**.

Words have meanings; definitions are foundational to knowledge.  Thus, we know that a circle does not have corners, and that a bachelor does not have a wife.  Similarly, we know that a "season" does not last all year.  Rather, as multiple dictionaries report, a "season" is a "part" of a year or a "period" of the year.  But, exactly what dates on the Gregorian calendar constitute an official football season?  And, why would the policy at issue not define "season" by simply providing those dates?  Is football not a fall and winter sport?  If so, can it possibly be that the season of a fall and winter sport could include spring?  Is "spring training" and/or summertime "two-a-day" practices part of the official season of football?  Or, while clearly being related to the sport of football, are those activities more correctly viewed as a traditional part of football's "off-season"?

Those are fair and material questions; therefore, summary judgment as to the coverage question is precluded.  That they are fair requires a conclusion that there is no bad faith, and summary judgment should be granted as to the issues of penalties and attorney fees.  I, therefore, concur with the majority in part, but must also respectfully dissent in part.

National Union has neither misstated its policy language nor has it hidden it. On the contrary, National Union has forcefully taken up its coverage defense. It has employed logical arguments taken from dictionaries, popular culture, and the Louisiana High School Football Athletics Association's own governing body. It has reminded this court of the date of LSU's first game, and of the Saints' last game. And, it has appealed to our understanding of the "plain, ordinary, and generally prevailing" meaning of "football season."

This court has said that "when a reasonable disagreement exists between an insurer and an insured, it is not arbitrary and capricious or without probable cause on the part of the insurer to deny payment on the claim that is in dispute." *Stewart v. Calcasieu Parish School Bd.*, 05-1339, p.5 (La. App. 3 Cir. 5/3/06), 933 So.2d 797, 801, *writ denied*, 06-1910 (La. 11/3/06), 940 So.2d 666. Our supreme court has written that "where the insurer has legitimate doubts about coverage, the insurer has the right to litigate these questionable claims without being subjected to damages and penalties." *Calogero v. Safeway Ins. Co. of LA*, 99-1625, p.5 (La. 1/19/00), 753 So.2d 170, 173.

Our record reveals no evidence of arbitrary, capricious, unreasonable, or bad faith claims handling; rather, it reveals reasonable disagreements and legitimate doubts about coverage. Thus, with regard to the trial court's denial of National Union's motion for summary judgment as to the issues of penalties and attorneys fees, I would reverse and find that National Union should not be cast with fees for arbitrary and capricious behavior.