# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-1273



**TONYA CSASZAR, INDIVIDUALLY AND**

**ON BEHALF OF HER MINOR CHILD,**

**REID MICHAEL FOLLEY**

**VERSUS**

**NATIONAL CASUALTY COMPANY, ET AL.**



**\*\*\*\*\*\*\*\*\*\***

ON APPLICATION FOR SUPERVISORY WRIT FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2011-2893 G
HONORABLE DURWOOD WAYNE CONQUE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JOHN D. SAUNDERS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Marc T. Amy, and David Kent Savoie,
Judges.



**WRIT DENIED.**

**Michael J. Remondet, Jr.**
**Juliette Busby Wade**
**Jeansonne & Remondet**
**P.O Box 91530**
**Lafayette, LA 70509**
**(337) 237-4370**
**COUNSEL FOR DEFENDANT/APPLICANT:**
    **Nationwide Life Insurance Company**

**Blaine James Barrilleaux**
**Attorney at Law**
**330 Settlers Trace Blvd, Ste B**
**Lafayette, LA 70508**
**(337) 406-8759**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
    **Tonya Csaszar**
    **Tonya Csaszar, o/b/o Reid Michael Folley**

**SAUNDERS, Judge.**

This is a case where a medical expense benefit insurer was denied summary judgment dismissing them from a suit. The medical expense benefit insurer sought its dismissal based on its policy language limiting its coverage to "expenses incurred within 3 years from" the date of the accident.

The trial court denied the motion for summary judgment. We denied the medical expense benefit insurer's writ application. Our supreme court then granted the writ application and remanded the matter to this court for briefing, argument and full opinion. After briefing and argument, we deny the medical expense benefit insurer's writ.

## FACTS AND PROCEDURAL HISTORY:

This case arises out of an accident occurring on June 1, 2010, wherein Reid Michael Folley (Folley) was struck in the mouth by a baseball hit by one of the coaches during practice. At the time of the accident, Folley was on the pitcher's mound while Christopher Breaux (Breaux), Folley's coach, was hitting balls to other players to practice fielding. This process required Breaux to hit balls into both the infield and outfield for the players to catch. Breaux initially tossed the ball to himself and hit it to a player in the field. Breaux hit the ball to Folley, then to the players at first base, third base, and shortstop. Thereafter, Breaux allowed the catcher to toss the ball up for him, Breaux, to hit. Breaux hit the ball in this manner to second base, right field, and center field. Breaux accidentally hit the ball at Folley where it struck Folley in the mouth when attempting to hit the ball in this same manner to left field.

Nationwide Life Insurance Company (Nationwide) issued a medical expense benefit insurance policy to the United States Specialty Sports Association

(USSSA), who ran the league that Folley was participating in at the time of the accident. Said policy is numbered SPX0000003676500.

On May 20, 2011, plaintiffs, Tonya Csaszar, individually and on behalf of Folley, filed suit against National Casualty Company (liability insurer); Nationwide (medical payments coverage); USSSA; and Breaux. Plaintiffs allege that Folley, who was nine years old at the time of the accident, required extensive treatment and surgery and will require future treatment and surgeries as he grows.

On May 8, 2014, Nationwide filed a motion for summary judgment. In support of the motion, Nationwide submitted an affidavit that it paid $18,589.86 in medical bills, and that amount "represents all of the medical expenses submitted by, or on behalf of, Tanya Csaszar and Reid Folley and incurred within three (3) years of the [] accident." Nationwide argues that "the unambiguous terms of [its] policy provide that covered medical expenses are expressly limited to those incurred within [three] years from the date of the accident, thus coverage under that policy has terminated."

In opposition to the motion for summary judgment, Plaintiffs submitted a psychological evaluation from Dr. Lyle L. LeCorgne; a letter outlining recommended treatment from an orthodontist, Dr. S. Jay Waguespack; and a cost estimate for bone augmentation and dental implants from a dentist, Dr. J. Jerome Smith. Plaintiffs allege that because of Folley's young age and because he is still growing, all of the recommended procedures could not be performed before the expiration of the three-year period.

The trial court denied Nationwide's motion finding that there were factual issues regarding the definition of the word "incurred" in Nationwide's policy. Nationwide timely filed an application for supervisory writs to this court on December 4, 2014. We denied Nationwide's writ. Thereafter, Nationwide filed an

application for supervisory writs to the Louisiana Supreme Court. On May 15, 2015, our supreme court granted Nationwide's writ application and remanded the case to this court for briefing, argument, and full opinion. *Csaszar, et al. v. National Cas. Co., et al.*, 15-453 (La. 5/15/15), 169 So.3d 381.

## DISCUSSION OF THE MERITS:

Nationwide contends that it was entitled to its motion for summary judgment and the trial court erred in denying its request. We disagree.

When the overruling of an exception is arguably incorrect, a reversal will terminate the litigation, and there is no dispute of fact to be resolved, judicial efficiency and fundamental fairness to the litigants dictate that the merits of the application for supervisory writs should be decided in an attempt to avoid the waste of time and expense of a possibly useless future trial on the merits. *Herlitz Const. Co., Inc. v. Hotel Investors of New Iberia, Inc.*, 396 So.2d 878 (La.1981). The supervisory jurisdiction of this court may also be "exercised to reverse a trial court's denial of a motion for summary judgment and to enter summary judgment in favor of the mover." *Richard v. Swiber*, 98-1515, p. 4 (La.App. 1 Cir. 9/24/99), 760 So.2d 355, 358 (citations omitted).

> The ruling of the trial court on a motion for summary judgment is reviewed de novo. *Covington v. McNeese State Univ.*, 08-505 (La.App. 3 Cir. 11/5/08), 996 So.2d 667, *writ denied*, 09-69 (La.3/6/09), 3 So.3d 491. The appellate court applies "the same criteria that govern a trial court's determination of a motion for summary judgment." *Breaux v. Cozy Cottages, LLC*, 14-486, p. 4 (La.App. 3 Cir. 11/12/14), 151 So.3d 183, 187. "The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. . . . The procedure is favored and shall be construed to accomplish these ends." La.Code Civ.P. art. 966(A)(2). A motion for summary judgment:
>
> > shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for the purposes of the motion for summary judgment, show that

> there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.

La.Code Civ.P. art. 966(B)(2).

*Hebert v. Richard*, 15-8, pp. 4-5 (La.App. 3 Cir. 6/17/15), 166 So.3d 1265, 1270-71.

Nationwide alleges that it has paid all of the medical expenses incurred by Folley in the three years since the injury. The relevant policy provision provides:

> ACCIDENT MEDICAL EXPENSE BENEFIT-if, as a result of injury, an insured incurs covered expenses starting within 90 days from the date of the accident causing the injury, we will pay, less the deductible (if any) shown in the application and not to exceed the maximum benefit amounts shown therein, all covered expenses incurred within 3 years from such date.

The parties disagree on the meaning of "incurred." Nationwide argues that the policy clearly and unambiguously limits coverage to expenses for treatment received during the coverage period of three years as stated in the policy. Therefore, Nationwide asserts that any expenses for treatment received after June 1, 2013, are not covered by the policy.

Plaintiffs, on the other hand, argue that "because [] Folley's injuries manifested themselves within the period provided for in the Nationwide policy, and Plaintiff obtained a diagnosis and recommended course of treatment from a physician, and because Plaintiff is medically unable to obtain the remainder of his medical treatment within said period," all of the related medical expenses (even those after June 1, 2013) were incurred during the coverage period.

The term "incurred" is not defined in the policy. "Whether contract language is clear or ambiguous is a question of law." *Hoffman v. Travelers Indem. Co. of America*, 13-1575, p. 6 (La. 5/7/14), 144 So.3d 993, 997-8 (footnote omitted). Nationwide cites *Hoffman* for the proposition that "expenses are incurred within medical payments coverage only when one has become obligated

4

to pay for them." *Id*. at 998. Plaintiffs argue that *Hoffman* is distinguishable because the Louisiana Supreme Court was defining "incurred" within the concept of whether the plaintiff could recover more than the provider billed and accepted as payment when the amount was discounted due to an agreement between the provider and the insurer.

Plaintiffs cite *Valladares v. Monarch Ins. Co.*, 282 So.2d 569, 572 (La.App. 4 Cir.), *writs denied*, 284 So.2d 603, 604 (La.1973), for the proposition that when

> the injury manifests itself within one year of the accident, the insurer is aware of the nature of the injury, the insured approaches a physician and obtains a diagnosis and recommended course of treatment prior to the expiration of one year from the date of the accident, and the treatment cannot successfully be completed within the one year period that the insured has nevertheless 'incurred' an expense within the terms of the policy.

We find that *Hoffman* is distinguishable from the case before us. In *Hoffman*, the plaintiff was charged $713.67 for medical expenses but that amount was reduced to $485.29. This is the amount that the plaintiff actually paid pursuant to an agreement between the hospital and her health insurer. There, our supreme court found that the plaintiff could only recover $485.29, the expense she actually paid for full treatment by the hospital. Here, the situation is closer to that in *Valladares* where there is a recommended course of treatment prior to the expiration of coverage. Here, the Plaintiffs will actually incur and have to pay the cost of that recommended course of treatment. Thus, unlike in *Hoffman*, the Plaintiffs here will not receive an economic gain by having Nationwide remain in the suit. Rather, the Plaintiffs will be made whole for the expenses incurred from a covered injury's known course of treatment.

Moreover, it is clear to this court that there is ambiguity in the policy because "incurred" is not defined. *See Barton v. Avoyelles Parish Sch. Bd.*, 13-445 (La.App. 3 Cir. 4/9/14), 153 So.3d 448, *writ denied*, 14-989 (La. 9/19/14), 148

So.3d 953, and *Romano v. Pilot Life Ins. Co.*, 428 So.2d 523 (La.App. 3 Cir. 1983). "[A]mbiguous contractual provisions are generally construed against the insurer and in favor of coverage" such that "the record establishes a genuine issue of material fact regarding whether" coverage is afforded under the policy, and "summary judgment is precluded as to the coverage issue." *Barton*, 153 So.3d at 451.

Given the above, we find that the trial court correctly denied Nationwide's motion for summary judgment. As such, we deny Nationwide's writ application. Costs of these proceedings are assessed to Nationwide Life Insurance Company.

**WRIT DENIED.**