CONERY, Judge. |, Defendant-Relator, Allstate Property and Casualty Insurance Company (Allstate), seeks supervisory writs from the judgment of the Twelfth Judicial District Court, Parish of Avoyelles, the Honorable Kerry Spruill presiding, which denied Allstate’s motion for summary judgment on the issue of insurance coverage. For the following reasons, Allstate’s writ is granted and made peremptory. All claims made against Allstate by Plaintiffs/Respondents, Anthony Chenevert and Cindy Langwell are dismissed with prejudice. All costs are assessed to Plaintiffs/Respondents, Anthony Chenevert and Cindy Langwell. STATEMENT OF THE CASE This suit arises out of an automobile accident that occurred on October 15, 2015, involving plaintiffs, Anthony Chenevert and Cindy Langwell, and a vehicle driven by Rodney Lee Johnson, Jr., but owned by Katelin Firmin, Plaintiffs/Respondents, Anthony Chenevert and Cindy Langwell filed suit against Allstate, alleging it provided coverage to Mr. Johnson under its policy issued to Ms. Firmin. In November 2016, Allstate filed its motion for summary judgment, asserting that coverage was not in place for Ms. Firmin or Mr. Johnson on the date of the accident because the policy previously issued to Ms. Firmin had been cancelled due to non-payment of her insurance premium on September 15, 2015. Notice Of Non-Payment of Insurance Premium The facts are undisputed that on August 15, 2015, Ms. Firmin forwarded a payment to Allstate for a premium due on the subject policy.[1] The automatic payment form Ms. Firmin’s account was not honored due to insufficient funds on | ¡August 20, 2015, and Allstate forwarded a notice of cancellation to the insured on August 26, 2015. The notice provided: Auto policy cancellation notice for non-payment of premium [[Image here]] If you want your insurance coverage to continue and do not want it to cancel, please make sure we receive the minimum amount due by the end of the day (midnight) on September 14, 2015 or your policy will cancel at 12:01 a.m. Standard Time on September 15, 2015. [[Image here]] For your convenience, you can make a payment by Check-By-Phone or Credit/Debit Card 2í hours a day, 7 days: a week ... or visit My Account at www. allstate.com. [[Image here]] The Minimum Amount due includes a Past Due Amount of $404.85. As a result of being unable to collect your premium from your account, you have been removed from the automatic payment plan. You must remit payment so that it is received on or before the Cancel Date indicated on this notice or your policy will be cancelled. A $15.00 fee has been applied as a result of the unsuccessful bank transaction. Despite the notice of payment due from Allstate, the extra time given for payment and the multiple ways that payment could be made to insure that the policy remained in force and effect, Ms. Firmin did not make the required payment of her insurance premium, which would have reinstated her policy, until October 16, 2015, the day after the accident. Plaintiffs/Respondents opposed Allstate’s motion for summary judgment, ■ arguing issues of material fact existed as to whether the cancellation letter met the strict requirements of La.R.S. 22:1266(D), namely (1) whether notice was sent “immediately” after the receipt of the returned check, and (2) whether the notice advised Ms. Firmin, as per the statutory language in La.R.S. 22:1266 (D)(3)(b)(ii), “that the policy shall be reinstated effective from the date the premium payment was due for the term of the policy only if the named insured or his legal representative presents to the insurer a cashier’s check or money order for the full |samount of the returned check or other negotiable instrument within ten days of the date that the notice of cancellation was mailed.” After hearing oral argument of counsel, the trial court denied Allstate’s motion for summary for the following reasons stated on the record: As you all know we’re at summary judgment stage, we’re at preliminary stages in these proceedings. And I do believe that the statute has to be strictiy construed under the circumstances and I do not find that as a matter of law though it is a very technical defense, that there was an effective cancellation consistent with the provisions contained in Louisiana Revised Statute 22:1266, this particular, part of the statute that says that the insurer shall advise the named insured that the policy shall be reinstated effective from the date that the premium payment was due for the term of the policy only if the named insured dr it’s legal representative presents to the insured a cashier’s check or money order for the full amount of the returned check or other negotiable1 instrument within ten days of the notice of cancellation was mailed. I think there are certain strict requirements that have been placed on the insurance company and have to be met in order to provide with what’s called an effective -cancellation of the policy. It is not an effective cancellation and accordingly, the Motion for Summary Judgment falling short of the legal requirements of statute, summary judgment is .denied under. these circumstances. And this is a fact limited case, the decision is fact limited to this situation on this particular statute. SUPERVISORY RELIEF A court of appeal has plenary power to exercise supervisory jurisdiction over trial courts and.may do so at any time, according to the discretion of the court. When the trial court’s ruling is arguably incorrect, a reversal will terminate the litigation, and there is no dispute of fact to be resolved, judicial efficiency and fundamental fairness to the litigants dictate that the merits of, the .application for supervisory writs should be decided in an atterppt to avoid the waste of time and expense of a possibly useless future trial on the merits. Herlitz Const. Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La. 1981) (per curiam). This supervisory jurisdiction may also be exercised to reverse a trial court’s denial of a motion for summary judgment and to enter summary judgment in. favor of the Lmover. Csaszar v. Nat’l Cas. Co., 14-1273 (La.App. 3 Cir. 11/4/15), 177 So.3d 807. . In reviewing the cancellation notice, it appears payment was attempted by automatic electronic withdrawal from Ms. Firmin’s checking account, and not an actual written check payment.