NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-32

ROBERT JOHN BIDDLECOM

VERSUS

BOYD RACING, LLC
D/B/A DELTA DOWNS RACETRACK
CASINO AND HOTEL

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2018-582 DIV F
HONORABLE DERRICK D. KEE, DISTRICT JUDGE

**********

CANDYCE G. PERRET
JUDGE

**********

Court composed of Candyce G. Perret, Jonathan W. Perry, and Sharon Darville
Wilson, Judges.

WRIT GRANTED AND MADE PEREMPTORY.

**Emmett C. Sole**
**Stockwell, Sievert, Viccellio, Clements & Shaddock, L.L.P.**
**Post Office Box 2900**
**Lake Charles, LA   70602**
**(337) 436-9491**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
     **Robert John Biddlecom**

**John H. Musser, V, A.C.**
**Tarryn E. Walsh**
**Murphy, Rogers, Sloss, Gambel & Tompkins**
**701 Poydras Street, Suite 400**
**New Orleans, LA   70139**
**(504) 523-0400**
**COUNSEL FOR DEFENDANT/RELATOR:**
     **Boyd Racing, L.L.C., d/b/a Delta Downs Racetrack, Casino and Hotel**

**Jason R. Bell**
**Broussard & Williamson**
**1301 Common Street**
**Lake Charles, LA   70601**
**(337) 439-2450**
**COUNSEL FOR DEFENDANT/RESPONDENT:**
     **Garry Lynn Dickerson**

**PERRET, Judge.**

Defendant-Relator, Boyd Racing, L.L.C., d/b/a Delta Downs Racetrack Casino and Hotel ("Defendant"), seeks supervisory review of the judgment of the trial court that denied its motion for summary judgment. For the following reasons, we grant the writ application, reverse the judgment of the trial court denying Defendant's motion for summary judgment, and we hereby enter summary judgment in favor of Defendant, dismissing all claims against it with prejudice.

**FACTS AND PROCEDURAL HISTORY:**

On February 11, 2017, Plaintiff, Robert John Biddlecom, was a patron at Defendant's casino in Vinton, Louisiana. Plaintiff went to the gift shop in the casino and ended up standing in the checkout line behind another patron, Garry Lynn Dickerson. When Mr. Dickerson leaned down to pick up something, he lost his balance and fell backwards, thus knocking Plaintiff down in the process. Plaintiff injured his left knee and right thigh in the fall.

On February 9, 2018, Plaintiff filed the instant personal injury lawsuit against Defendant, Mr. Dickerson, and various insurance companies. In the petition, Plaintiff alleges that "Delta Downs did not protect, with due diligence, him from Dickerson's actions and, therefore, is liable with Dickerson for his injuries and damages."

On May 7, 2021, Defendant filed a motion for summary judgment seeking dismissal of Plaintiff's claims against it arguing that it "provided plaintiff (and its other guests) a reasonably safe premises and did not owe any duty to prevent the unforeseeable accident at issue here from occurring[.]" In support of the motion, Defendant attached: (1) Plaintiff's deposition; (2) Mr. Dickerson's deposition; (3)

the affidavit of Travis Waters (Defendant's Director of Security); (4) a copy of the February 11, 2017 incident report; and (5) the February 11, 2017 surveillance video.

In opposition to Defendant's motion for summary judgment, the Plaintiff argues that there are genuine issues of material fact; specifically:

- Was the subject property (the Gift Shop at Delta Downs) "defective"?

- Was the Gift Shop at Delta Downs maintained according to operational requirements of Delta Downs?

- When was the Gift Shop at Delta Downs inspected and/or maintained before the subject incident?

- Whether the counter at the Gift Shop [was] built and maintained according to appropriate and applicable construction specifications?

- Whether the carpet at the Gift Shop counter was defective?

- Was the carpet at the Gift Shop installed and maintained properly at the time of the accident?

- Was the inspection of the carpet at the Gift Shop post-accident by a Delta Downs['] employee accurate and truthful?

- As set forth in his statement on February 11, 2017 (see Exhibit C to Delta Downs' motion for summary judgment), did Dickerson's boot get caught under the counter causing him to fall backwards into Plaintiff OR was the incident caused by "old age" as he testified in his deposition on January 26, 2021 -- almost four (4) years later and after having seeing [sic] the incident video one (1) week before his deposition?

- Did Dickerson cause damage to Plaintiff as a result of his own negligence or was his fall into Plaintiff caused by facilities (defective or otherwise) of Delta Downs?

In support of the opposition, Plaintiff attached Mr. Dickerson's deposition as well as his own. After a hearing, the trial court signed a judgment on January 5, 2022, denying Defendant's motion for summary judgment.

Defendant now seeks supervisory review of this ruling, alleging the following three assignments of error:

2

1.	The trial court erred in denying Defendant's Motion for Summary Judgment, because Defendant did not owe any legal duty to protect this Plaintiff from an unforeseeable accident.

2.	The trial court erred in denying Defendant's Motion for Summary Judgment, because Plaintiff failed to establish that he could meet his burden of proving the elements of the Louisiana Merchant Statute, which requires Plaintiff to prove that (a) a condition existed that presented an unreasonable risk of harm to Plaintiff and that risk of harm was reasonably foreseeable; (b) Delta Downs either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and (c) Delta Downs failed to exercise reasonable care.

3. The trial court erred in denying Defendant's Motion for Summary Judgment where Plaintiff failed to produce sufficient factual support to avoid summary judgment and set forth only speculation in his effort to do so.

On April 5, 2022, this court granted Defendant's writ application and gave notice to the parties that they could file additional briefs and request oral argument pursuant to La.Code Civ.P. art. 966(H)[1] and this court's Internal Rule 30.[2] Defendant filed its supplemental brief and request for oral argument on April 21, 2022, while Plaintiff filed his supplemental brief on May 5, 2022. Following Plaintiff's two requests to reschedule oral arguments (motions filed on May 6, 2022, and September 16, 2022), this court heard arguments on October 25, 2022.

**STANDARD OF REVIEW:**

---

[1] Louisiana Code of Civil Procedure Article 966(H), in pertinent part, provides that "[o]n review, an appellate court shall not reverse a trial court's denial of a motion for summary judgment and grant a summary judgment dismissing a case or a party without assigning the case for briefing and permitting the parties an opportunity to request oral argument."

[2] Internal Rule 30 reads as follows:

When this Court issues an order in a summary judgment proceeding assigning a case for briefing and permitting the parties an opportunity to request oral argument in accordance with La.Code Civ.P. art 966.H, the parties shall have fourteen (14) days from the mailing of this order within which to file a motion requesting oral argument on the merits. The motion shall state the reasons why oral argument is necessary and shall be accompanied with the appropriate filing fee.

3

"A denial of a motion for summary judgment is interlocutory, and the only remedy available is to seek supervisory relief." *Lewis v. Old Republic Ins. Co.*, 17-456, p. 2 (La.App. 3 Cir. 8/23/17), 226 So.3d 557, 558. "[T]his court's supervisory jurisdiction may also be exercised to reverse a trial court's denial of a motion for summary judgment and to enter summary judgment in favor of the mover." *Zaunbrecher v. Martin*, 17-932, p. 5 (La.App. 3 Cir. 3/21/18), 242 So.3d 712, 717-18 (citing *Csaszar v. Nat'l Cas. Co.*, 14-1273 (La.App. 3 Cir. 11/4/15), 177 So.3d 807, *writ denied*, 15-2221 (La. 1/25/16), 185 So.3d 752).

"Appellate courts review summary judgments *de novo* under the same criteria that govern the district court's consideration of whether summary judgment is appropriate." *Duncan v. U.S.A.A. Ins. Co.*, 06-363, p. 3 (La. 11/29/06), 950 So.2d 544, 547. Under this standard of review, this court must determine whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. *Id.* "A fact is 'material' when its existence or nonexistence may be essential to [a] plaintiff's cause of action under the applicable theory of recovery." *Smith v. Our Lady of the Lake Hosp., Inc.,* 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751. "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." *Id.* (alternation in original) (quoting *S. La. Bank v. Williams*, 591 So.2d 375, 377 (La.App. 3 Cir. 1991), *writs denied*, 596 So.2d 211 (La.1992)).

Louisiana Code of Civil Procedure Article 966(D)(1) discusses the mover's burden of proof on summary judgments, and states:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the

4

court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

## DISCUSSION:

In this writ application, Defendant asserts the trial court erred in denying its motion for summary judgment because "Plaintiff cannot carry his burden of proof on one or more essential elements of his negligence claim." Defendant notes that the jurisprudence has held that "[a] business establishment is under a duty to take reasonable care for the safety of its patrons, but it is not the insurer of their safety." *Eason v. Finch*, 32,157, p. 5 (La.App. 2 Cir. 8/18/99), 738 So.2d 1205, 1209, *writ denied*, 99-2767 (La. 12/10/99), 751 So.2d 861 (citations omitted). Additionally, Defendant argues that Plaintiff failed to present sufficient evidence to raise any genuine issue of fact under Louisiana's Merchant Liability Statute, La.R.S. 9:2800.6. We agree.

In *Rando v. Anco Insulations, Inc.*, 08-1163, pp. 26-27 (La. 5/22/09), 16 So.3d 1065, 1085-86, (internal citations omitted), the supreme court discussed Louisiana's negligence standard, as follows:

> The standard negligence analysis we employ in determining whether to impose liability under La. Civ.Code art. 2315 is the duty/risk analysis, which consists of the following four-prong inquiry: (1) Was the conduct in question a substantial factor in bringing about the harm to the plaintiff, i.e., was it a cause-in-fact of the harm which occurred? (2) Did the defendant(s) owe a duty to the plaintiff? (3) Was the duty breached? (4) Was the risk, and harm caused, within the scope of protection afforded by the duty breached? Under a duty/risk analysis, all four inquiries must be affirmatively answered for plaintiff to recover. As such, in order for liability to attach under a duty/risk analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the

5

cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and, (5) actual damages (the damages element).

Louisiana Revised Statutes 9:2800.6 sets forth the burden for proving a claim against a merchant for injury caused by a fall that occurs on the merchant's premises and states, as follows:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> > (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> >
> > (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> >
> > (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
>
> C. Definitions:
>
> > (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
> >
> > (2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to

6

those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.

D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322, or 2695.

In *Berry v. State Through Dep't of Health & Human Resources*, 93-2748 (La. 5/23/94), 637 So.2d 412, 414 (citation omitted), the supreme court held that "[w]hether a duty is owed is a question of law" and that "[t]he inquiry is whether the plaintiff has any law—statutory, jurisprudential, or arising from general principles of fault—to support his claim."

In this case, Plaintiff is required to demonstrate that Defendant breached its duty to exercise reasonable care in keeping its gift store in a reasonably safe condition and free of hazardous conditions. Although Plaintiff alleges that Defendant failed to protect him from Mr. Dickerson's actions and is, therefore, liable along with Mr. Dickerson for his injuries, we find Defendant satisfied its duty to provide its patrons with a reasonably safe place to purchase gift shop items. Specifically, the deposition testimony indicates that none of Defendant's employees were involved in the accident and that the sudden accident occurred because Mr. Dickerson simply fell back and knocked Plaintiff down. Although Plaintiff alleges that Mr. Dickerson told Defendant's security worker that he fell because his boot got caught in the carpet, Mr. Dickerson testified that he may have simply stumbled or lost his balance due to old age. Specifically, Mr. Dickerson testified as follows:

Q. All right. And do you remember your boot — as we sit here today, do you remember your boot getting caught under the desk?

A. No, but I looked at the video; and it don't look like my boot got caught under the desk.

7

Q.  Okay.  All right. And do you remember if you — strike that.  So, your testimony is you may have been wrong when you wrote this down that your boot actually got caught underneath the desk?

A.  Yes.

Q.  Okay.  All right.  And by "desk" are you referring to the area where the cashier was standing?

A.  Yes.  Counter right there.

Q.  All right.  And what do you think caused you to fall over backwards?

A.  I don't know.  I just stumbled, I guess.  I went to get up.  Old age.

Plaintiff's opposition to the motion for summary judgment failed to provide any evidence of a known defect or hazard that constituted an unreasonable risk of harm.  As stated in *Eason*, 738 So.2d at 1209, a business establishment's duty "does not extend to unforeseeable or unanticipated . . . acts by independent third persons." The court further stated that "[o]nly when the owner, management or employees of a business have or should have knowledge of a third person's intended injurious conduct that is about to occur and which is within the power of the owner, management or employees to protect against, does the duty arise." *Id.*  Thus, "[a] merchant is not absolutely liable every time an accident happens." *Degree v. Galliano Truck Plaza, LLP*, 18-663, p. 5 (La.App. 1 Cir. 1/10/19), 271 So.3d 315, 318.  Further, because there is no evidence showing that Plaintiff fell due to a condition that presented an unreasonable risk of harm, or was defective, Plaintiff cannot maintain a claim under La.R.S. 9:2800.6, which requires Plaintiff to also prove Defendant's constructive notice.

Under consideration of the facts and evidence submitted, we find Plaintiff failed to provide any evidence or factual support to create a genuine issue of material fact that Defendant breached its duty of reasonable care to maintain a reasonably

safe premises.  Accordingly, we grant and make peremptory the writ application filed by Defendant.  The judgment of the trial court is reversed, the motion for summary judgment filed by Defendant is granted, and Plaintiff's claims against Defendant are dismissed, with prejudice.  All costs for this writ are assessed to Plaintiff.

**WRIT GRANTED AND MADE PEREMPTORY.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.